UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> QUALITY COLLISION PARTS, INC., ) <br> ) <br> Defendant. ) | No. 1:25-mc-00048-JPH-TAB |

**ORDER ON MOTION TO COMPEL FURTHER DEPOSITION**

**I.     Introduction**

Before the Court is the unusual circumstance where a party—Plaintiff GM Global Technology Operations LLC—seeks to compel a second deposition of a lawyer, non-party Jason Covert, in relation to his representation of Defendant Quality Collision in a criminal matter. GM deposed Covert once but claims Covert's counsel prevented him from answering too many questions by raising improper objections of attorney-client privilege and confidentiality under Indiana and Michigan Rule of Professional Conduct 1.6. Thus, GM seeks an order requiring Covert to sit for a second deposition to answer questions he previously was instructed not to answer, plus an award of fees and costs. As discussed below, Covert attended his deposition, walked the tightrope an attorney must walk when subpoenaed for testimony relating to ongoing representation, and made a good faith effort to answer the questions he believed he could without violating his duties to his client. Now, GM wants the Court to look at the deposition transcript and split hairs over whether Covert's counsel lodged proper objections. The Court declines to do so. Thus, GM's motion to compel a second deposition of Covert is denied. [Filing No. 1.]

## II. Background

Quality Collision sells aftermarket automotive parts, or replacement parts. [Filing No. 2, at ECF p. 6.] In July 2022, the federal government conducted a search of Quality Collision's facilities, seizing products alleged to be counterfeit and patent-infringing. That criminal investigation remains ongoing. However, the government later determined it lacked authority to retain patent-infringing-only parts, so those parts were returned to Quality Collision.

GM then filed a civil suit against Quality Collision for patent infringement. [Filing No. 2, at ECF p. 6.] Quality Collision claims GM made false statements to the government and otherwise misled it, leading to the raid of Quality Collision's place of business. [Filing No. 16, at ECF p. 6.] Quality Collision countersued GM for the damage caused to its business. [Filing No. 16, at ECF p. 8.] Thus, GM and Quality Collision are currently litigating claims against each other in the Eastern District of Michigan. *GM Global Technology Operations, LLC v. Quality Collision Parts, Inc.*, Case No. 2:23-cv-13026.

The law firm of Taft, Stettinius, and Hollister represents Quality Collision in the ongoing criminal investigation of Quality Collision and a separate forfeiture action seeking the return of funds seized by the government. Jason Covert is one of the Taft attorney's representing Quality Collision in the criminal investigations. As part of its defense to the counterclaims in the civil litigation between GM and Quality Collision, GM subpoenaed Taft, seeking documents and testimony concerning Taft's non-privileged communications with the government in relation to the criminal and forfeiture matters. GM argues this evidence is highly relevant to Quality Collision's counterclaims against GM and necessary for GM to refute Quality Collision's claims of improper conduct by GM in the government's investigation.

In response to GM's subpoena, Taft produced over 1,600 pages of emails and documents. However, GM also sought to depose Covert. In lieu of that attorney deposition, counsel for Quality Collision offered to stipulate that the communications with the government are authentic [Filing No. 2-3, at ECF p. 3], but GM's counsel rejected that offer and proceeded with Covert's deposition in Indianapolis on August 21, 2025. At the deposition, Covert was represented by Taft counsel. Covert's counsel refused to allow Covert to answer nearly every question concerning the documents Taft produced under the subpoena, citing attorney-client privilege and/or confidentiality under Indiana and Michigan Rule 1.6. GM takes issue not with the assertion of attorney-client privilege, but with the questions where counsel only raised broader confidentiality objections. On September 8, 2025, GM filed the pending motion to compel seeking a second deposition of Covert, as well as its costs and fees associated with having to re-depose Covert. [Filing No. 1.][1]

## III.     Discussion

GM argues that counsel's instructions to Covert not to answer questions seeking non-privileged testimony based on Indiana and Michigan Ethics Rule 1.6—which prohibit lawyers from revealing information relating to clients absent the client's informed consent or proscribed circumstances—violated Federal Rule of Procedure Rule 30. [Filing No. 2.] Quality Collision, by contrast, argues that GM "ignores the elephant in the room here—the fact that it is demanding a second deposition of a currently-acting criminal defense lawyer." [Filing No. 16, at ECF p. 9.] The parties cite and disagree on whether various case law regarding Rule 30 applies in this

---

[1] GM's motion and the responsive briefs that followed include the phrase "oral argument requested" on the first page. This request is denied.

circuit and ask the Court to quibble over whether Covert—through counsel—lodged improper objections related to confidentiality and refused to answer too many questions.

The Court declines the invitation to wade further into this dispute. Taft responded to the subpoena, provided GM with over 1,600 documents, and agreed to stipulate to the authenticity of those documents. Covert, an attorney actively representing Quality Collision in an ongoing criminal investigation, showed up and sat for a deposition—despite warning GM ahead of time of concerns that this would be a waste of time and resources. The Court has reviewed the deposition transcript, which demonstrates Covert (and his counsel) thoughtfully and deliberately listened to every question, answered what he believed he could answer without disturbing his ethical and professional responsibilities to his current client, and made a good faith effort to proceed with the deposition. The situation does not warrant a second deposition of Covert, nor does it entitle GM to its fees and costs. Accordingly, GM's motion to compel is denied. [Filing No. 1.]

### IV. Conclusion

For all these reasons, GM's motion to compel a second deposition of Covert is denied. [Filing No. 1.]

Date: 10/23/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email