UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:25-mc-00048-JPH-TAB ) |
| QUALITY COLLISION PARTS, INC., | ) ) |
| Defendant. | ) ) |

**AMENDED ORDER ON PLAINTIFF'S
MOTION TO COMPEL FURTHER DEPOSITION**

**I.    Introduction**

Plaintiff GM Global Technology Operations LLC seeks to compel a second deposition of a lawyer, non-party Jason Covert, in relation to his representation of Defendant Quality Collision in an ongoing criminal matter. GM deposed Covert once but argues Covert's counsel prevented him from answering a host of questions by raising improper objections of attorney-client privilege and, more specifically, confidentiality under Indiana and Michigan Rule of Professional Conduct 1.6. Thus, GM seeks an order requiring Covert to sit for a second deposition to answer the questions he previously was instructed not to answer, plus an award of fees and costs.

On October 23, 2025, the undersigned magistrate judge denied GM's motion, declining to weigh in on whether Covert's counsel lodged proper objections and instead finding Covert made a good faith effort to proceed with the deposition in this unusual context. [Filing No. 21.] GM objected to the magistrate judge's order, and on December 10, 2025, the district judge sustained GM's objections to the order. [Filing No. 27.] As a result, this matter is before the undersigned

to re-adjudicate the motion to compel within the legal arguments presented by the parties. [Filing No. 27, at ECF p. 5.]

The magistrate judge remains concerned about the unusual circumstances presented—compelling a lawyer to testify and answer questions related to ongoing representation in a related but separate criminal matter. Nevertheless, taking a deeper dive into the arguments raised, the Court agrees with GM that to the extent Covert and his counsel relied on objections based solely on confidentiality under Indiana and Michigan Rules 1.6, Covert should have answered the questions asked. Thus, GM's motion to compel a second deposition of Covert is granted. [Filing No. 1.]

## II.    Background

Quality Collision sells aftermarket automotive parts, or replacement parts. [Filing No. 2, at ECF p. 6.] In July 2022, the federal government searched Quality Collision's facilities and seized products alleged to be counterfeit and patent-infringing. That criminal investigation remains ongoing. However, the government later determined it lacked authority to retain patent-infringing-only parts and returned those parts to Quality Collision.

GM then filed a civil suit against Quality Collision for patent infringement. [Filing No. 2, at ECF p. 6.] Quality Collision claims GM made false statements to the government and otherwise misled it, leading to the raid of Quality Collision's place of business. [Filing No. 16, at ECF p. 6.] Quality Collision countersued GM for the damage caused to its business. [Filing No. 16, at ECF p. 8.] Thus, GM and Quality Collision are currently litigating claims against each other in the Eastern District of Michigan. *GM Global Technology Operations, LLC v. Quality Collision Parts, Inc.*, Case No. 2:23-cv-13026.

The law firm of Taft, Stettinius, and Hollister represents Quality Collision in the ongoing criminal investigation of Quality Collision and a separate forfeiture action seeking the return of funds seized by the government. Jason Covert is one of the Taft attorneys representing Quality Collision in the criminal investigations. As part of its defense to the counterclaims in the civil litigation between GM and Quality Collision, GM subpoenaed Taft, seeking documents and testimony concerning Taft's non-privileged communications with the government in relation to the criminal and forfeiture matters. GM argues this evidence is highly relevant to Quality Collision's counterclaims against GM and necessary for GM to refute Quality Collision's claims of improper conduct by GM in the government's investigation.

In response to GM's subpoena, Taft produced over 1,600 pages of emails and documents. However, GM also sought to depose Covert. In lieu of that attorney deposition, counsel for Quality Collision offered to stipulate that the communications with the government are authentic [Filing No. 2-3, at ECF p. 3], but GM's counsel rejected that offer and proceeded with Covert's deposition in Indianapolis on August 21, 2025. At the deposition, Covert was represented by Taft counsel. Covert's counsel refused to allow Covert to answer nearly every question concerning the documents Taft produced under the subpoena, citing attorney-client privilege and/or confidentiality under Indiana and Michigan Rule of Professional Conduct 1.6. GM takes issue not with the assertion of attorney-client privilege, but with the questions where counsel only raised broader confidentiality objections to questions seeking non-privileged information. On September 8, 2025, GM filed the pending motion to compel seeking a second deposition of Covert, as well as its costs and fees associated with having to re-depose Covert. [Filing No. 1.][1]

---

[1] GM's motion and the responsive briefs that followed include the phrase "oral argument requested" on the first page. This request is denied.

3

### III. Discussion

GM argues that counsel's instructions to Covert during his deposition not to answer questions seeking non-privileged testimony based on Indiana and Michigan Rule of Professional Conduct 1.6—which prohibit lawyers from revealing information relating to clients absent the client's informed consent or proscribed circumstances—violated Federal Rule of Procedure Rule 30. [Filing No. 2.] The parties cite and disagree on whether various case law regarding Rule 30 applies in this circuit and ask the Court to decide whether Covert—through counsel—lodged improper objections related to confidentiality.

The Court initially declined the invitation to do so. Focusing on the larger point that it is an unusual circumstance to ask a lawyer to sit for a deposition to answer questions related to ongoing representation of a client, the Court found that generally, Covert (and his counsel) acted in good faith in raising objections to the questions under attorney client privilege and confidentiality concerns. However, in light of the objections raised and sustained in relation to the magistrate judge's first order on GM's motion to compel, the undersigned has taken a renewed look at the arguments raised.

GM argues that counsel's instructions to Covert not to answer questions seeking non-privileged testimony—based on Indiana and Michigan Rule of Professional Conduct 1.6—violated Federal Rule of Civil Procedure 30. Rule 30(c)(2) states: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Neither side contends that counsel for Covert obtained or relied on any limitation ordered by a court order or that Rule 30(d)(3) is applicable to this case. Thus, the only possible permissible basis for counsel's instruction would be "to preserve a privilege." *Id.*

Throughout Covert's deposition, his counsel consistently asserted objections of attorney client privilege and/or work product, as well as a broader objection for confidentiality under Indiana and Michigan Rules 1.6.  However, when GM's counsel questioned an objection and asked whether Covert's counsel was saying the testimony sought from Covert was confidential, and *also* privileged, counsel clarified: "No, it's just confidential."  [Filing No. 2-5, at ECF p. 7.] Similarly, while objecting to another question a short time later, Covert's counsel stated: "I would agree that maybe it's not attorney-client privilege, but it is covered by confidentiality, and so I'm instructing him not to answer."  [Filing No. 2-5, at ECF p. 8.]  There are at least two more instances in the deposition transcript where Covert's counsel clarified he was raising similar broad confidentiality objections, not attorney-client privilege objections, and instructed Covert not to answer.  [*See* Filing No. 2-5, at ECF p. 5, 19.]

Indiana Rule of Professional Conduct 1.6(a) states that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."  Paragraph (b) of Rule 1.6 describes circumstances in which a lawyer may reveal information relating to the representation of a client, to the extent the lawyer reasonably believes doing so is necessary, including "to comply with other law or a court order." *Id.*  The comments to Rule 1.6 further clarify that "[t]he rule of client-lawyer confidentiality applies in situations *other than those where evidence is sought from the lawyer through compulsion of law*." *Id.* (emphasis added).  Michigan Rule of Professional Conduct 1.6 contains nearly identical language setting forth the same exception permitting confidential information to be revealed when required by law or court order and the exact same comment to the rule.

5

Indeed, other states have nearly identical rules of professional conduct and have noted that Rule 1.6 is not a shield to discovery. *See, e.g., F.T.C. v. Trudeau*, No. 03 C 3904, 2013 WL 842599, at *4 (N.D. Ill. Mar. 6, 2013) ("[P]aragraph 1.6(b)(6) specifically permits disclosure of such information to comply with other law or a court order. Fed. R. Civ. P. 45 constitutes a 'law' that requires Winston and Lane to reveal otherwise confidential, nonprivileged client information, and a subpoena issued under Rule 45 is a court order that compels compliance absence some other valid objection. Rule 1.6 is not intended to, and does not apply to judicial proceedings in which a lawyer may be required to produce evidence concerning a client." (Internal citations and quotation marks omitted)); *Hope for Families & Cmty. Serv. Inc. v. Warren et al.*, No. 3:06-CV-1113-WKW, 2012 WL 13015100, at *2, n.1 (M.D. Ala. Mar. 8, 2012) ("[The defendant] has not sought to defend, and for good reason, its reliance upon Rule 1.6 of the Alabama Rules of Professional Conduct as a basis for directing a deponent not to answer a question. . . . The court's rulings have been clear that Rule 1.6 is not a shield to discovery when discovery is sought from opposing counsel through compulsion of law in a judicial proceeding."); *Burke v. Messerli & Kramer, P.A.*, No. 09-1630 (ADM/AJB), 2010 WL 2520615, at *2 (D. Minn. June 15, 2010) ("Rule 1.6 [of the Minnesota Rules of Professional Conduct] is inapplicable to discovery requests and deposition questions.").

Quality Collision and Taft argue that GM cannot cite to any binding authority on point because this situation is so rare, "because few parties are offensive enough to push a deposition [on] the opposing party's lawyer—especially a lawyer actively engaged in defending the party in a related criminal matter." [Filing No. 16, at ECF p. 16.] Perhaps so. However, while decisions from other districts addressing the rules of professional conduct of other states are not controlling authority in this district or in the Eastern District of Michigan, they are helpful in analyzing the

6

issues raised in this matter. The Court agrees that the cited ethics rules and case law from other districts support GM's argument that neither Indiana nor Michigan's Rule l.6 can be used as a basis to refuse to answer questions at a deposition eliciting non-privileged testimony. Accordingly, GM's motion to compel [Filing No. 1] is granted. The parties shall work together to find a mutually agreeable time to conduct a second deposition of Covert.

During Covert's first deposition, the transcript indicates that Covert's counsel almost always raised multiple objections to the questions Covert refused to answer, stating attorney-client privilege and/or work product, as well as the confidentiality objection under Rule 1.6. As noted above, when GM's counsel would seek clarity on the objections raised, Covert's counsel indicated that they were not asserting privilege but rather a broader confidentiality objection. The Court need not state the specific questions that can be asked during a second deposition of Covert. However, it should remain narrow in focus to asking him about the documents provided by Taft and his interactions with the government, and not relating to any privileged communications or work product from Covert's representation of Quality Collision. To the extent that Covert and Taft are only basing an objection on confidentiality concerns under Indiana and Michigan Rule 1.6, that is not a basis to refuse to answer GM's questions.

GM also seeks an award of fees and costs associated with the prior deposition and for the Court to order a new deposition at Taft or Quality Collision's expense. [Filing No. 2, at ECF p. 25.] Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action; the opposing party's objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Whether the imposition of sanctions would be unjust is within the broad discretion of the district court. *See, e.g., DR Distributors, LLC, v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021) ("Whether a party's failure to comply with the discovery rules is 'substantially justified' is within the broad discretion of the district court. The same is true for a finding that the imposition of sanctions would be 'unjust.' The party facing the sanctions (the non-complying party) bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust." (Internal citations omitted)).

The imposition of sanctions on Quality Collision, Taft, or Covert in the form of attorney fees and costs is not warranted. Quality Collision and Taft raised their concerns with GM's request to depose Covert prior to the deposition taking place, but GM insisted on the deposition going forward at the scheduled time. Covert (and his counsel) attended the deposition and made a good faith effort to comply with the subpoena, while also juggling valid concerns regarding revealing confidential information related to Covert's ongoing representation in the related criminal matter. The parties were unable to reach the court in the Eastern District of Michigan during the deposition to potentially resolve the dispute. And the concerns raised relate to an uncommon circumstance that the parties—and the Court—do not see often. With these facts and circumstances in mind, the Court denies GM's request for sanctions in the form of fees and costs.

**IV.     Conclusion**

For all these reasons, GM's motion to compel a second deposition of Covert is granted. [Filing No. 1.]

Date: 1/6/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

All ECF-registered counsel of record via email